# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>The digital device in the custody of the Montebello Police Department, as described in Attachment A-2 | ) )<br>) Case No. **19 MJ00876**<br>) )<br>) |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     Central     District of     California    
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A-2

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment B-2

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property. Such affidavit(s) or testimony are incorporated herein by reference and attached hereto.

**YOU ARE COMMANDED** to execute this warrant on or before     14 days from the date of its issuance    
                                                                                                                   *(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.      ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.
                *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*   ☐ for          days *(not to exceed 30)*.
                                    ☐ until, the facts justifying, the later specific date of              .

Date and time issued:   3/15/19 – 1:30 pm                                                 *[signature]*
                                                                                                      *Judge's signature*

City and state:   Los Angeles, California                     Hon. Paul L. Abrams, United States Magistrate Judge
                                                                                                            *Printed name and title*

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: 19-MJ-00876 | Date and time warrant executed: 3.12.2019 @ 1:15pm | Copy of warrant and inventory left with: N/A |

Inventory made in the presence of:
TFO David Ly

Inventory of the property taken and name of any person(s) seized:
[Please provide a description that would be sufficient to demonstrate that the items seized fall within the items authorized to be seized pursuant to the warrant (e.g., type of documents, as opposed to "miscellaneous documents") as well as the approximate volume of any documents seized (e.g., number of boxes). If reference is made to an attached description of property, specify the number of pages to the attachment and any case number appearing thereon.]

- Cellebrite download of phone with approximately 8.5 gigabytes of data Including call records, text messages photos and video.

**Certification** (by officer present during the execution of the warrant)

I declare under penalty of perjury that I am an officer who executed this warrant and that this inventory is correct and was returned along with the original warrant to the designated judge through a filing with the Clerk's Office.

Date: 3.15.2019

_____
Executing officer's signature

SA Robert Thomas
Printed name and title

AUSA: Skyler Cho x2475

## ATTACHMENT A-2

PROPERTY TO BE SEARCHED

The following digital device ("SUBJECT DEVICE 2"), seized on February 28, 2019, and currently maintained in the custody of the Montebello Police Department in Montebello, California: a black Apple iPhone 8 with model number MQ9D2LL/A, serial number DX3X7A8QJCLY, and IMEI number 356111095137738.

ATTACHMENT B-2

I. **ITEMS TO BE SEIZED**

1. The items to be seized are evidence, contraband, fruits, or instrumentalities of violations of 21 U.S.C. §§ 841(a)(1) (possession with intent to distribute controlled substances) and 846 (conspiracy and attempt to distribute controlled substances) and 18 U.S.C. § 924(c) (possession of a firearm in furtherance of a drug trafficking crime) (the "Subject Offenses"), namely:

    a. Records, documents, programs, applications and materials, or evidence of the absence of same, sufficient to show call log information, including all telephone numbers dialed from any of the digital devices and all telephone numbers accessed through any push-to-talk functions, as well as all received or missed incoming calls;

    b. Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show SMS text, email communications or other text or written communications sent to or received from any of the digital devices and which relate to the above-named violations;

    c. Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show instant and social media messages (such as Facebook, Facebook Messenger, Snapchat, FaceTime, Skype, and WhatsApp), SMS text, email communications, or other text or written communications sent to or received from any digital device and which relate to the above-named violations;

i

  d. Records, documents, programs, applications, materials, or conversations relating to the trafficking of drugs, including ledgers, pay/owe records, distribution or customer lists, correspondence, receipts, records, and documents noting price, quantities, and/or times when drugs, guns, or ammunition were bought, sold, or otherwise distributed;

  e. Audio recordings, pictures, video recordings, or still captured images related to the purchase, sale, transportation, or distribution of drugs, guns, or ammunition;

  f. Contents of any calendar or date book;

  g. Global Positioning System ("GPS") coordinates and other information or records identifying travel routes, destinations, origination points, and other locations; and

  h. SUBJECT DEVICE 2 if it is itself or if it contains evidence, contraband, fruits, or instrumentalities of the Subject Offenses, and forensic copies thereof.

  i. With respect to SUBJECT DEVICE 2, if it contains evidence falling within the scope of the foregoing categories of items to be seized:

    i. evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

    ii. evidence of the presence or absence of software that would allow others to control the device, such as

ii

viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

   iii. evidence of the attachment of other devices;

   iv. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

   v. evidence of the times the device was used;

   vi. passwords, encryption keys, and other access devices that may be necessary to access the device;

   vii. applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it;

   viii. records of or information about Internet Protocol addresses used by the device;

   ix. records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

  2. As used herein, the terms "records," "documents," "programs," "applications," and "materials" include records, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

**II. SEARCH PROCEDURE FOR DIGITAL DEVICE**

3. In searching SUBJECT DEVICE 2 (or forensic copies thereof), law enforcement personnel executing this search warrant will employ the following procedure:

   a. Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") may search SUBJECT DEVICE 2 as capable of being used to facilitate the above-listed violations or containing data falling within the scope of the items to be seized.

   b. The search team will, in its discretion, either search SUBJECT DEVICE 2 where it is currently located or transport it to an appropriate law enforcement laboratory or similar facility to be searched at that location.

   c. The search team shall complete the search of SUBJECT DEVICE 2 as soon as is practicable but not to exceed 120 days from the date of issuance of the warrant. The government will not search the digital device beyond this 120-day period without obtaining an extension of time order from the Court.

   d. The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

      i. The search team may subject all of the data contained in SUBJECT DEVICE 2 capable of containing any of the items to be seized to the search protocols to determine whether SUBJECT DEVICE 2 and any data thereon falls within the scope of the items to be seized. The search team may also search for and attempt to recover deleted, "hidden," or encrypted data to

determine, pursuant to the search protocols, whether the data falls within the scope of the items to be seized.

ii. The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

iii. The search team may use forensic examination and searching tools, such as "EnCase" and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques.

e. If the search team, while searching SUBJECT DEVICE 2, encounters immediately apparent contraband or other evidence of a crime outside the scope of the items to be seized, the team shall immediately discontinue its search of that SUBJECT DEVICE pending further order of the Court and shall make and retain notes detailing how the contraband or other evidence of a crime was encountered, including how it was immediately apparent contraband or evidence of a crime.

f. If the search determines that SUBJECT DEVICE 2 does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return SUBJECT DEVICE 2 and delete or destroy all forensic copies thereof.

g. If the search determines that SUBJECT DEVICE 2 does contain data falling within the list of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

h.  If the search determines that SUBJECT DEVICE 2 is (1) itself an item to be seized and/or (2) contains data falling within the list of other items to be seized, the government may retain the digital device and any forensic copies of the digital device, but may not access data falling outside the scope of the other items to be seized (after the time for searching the device has expired) absent further court order.

i.  The government may also retain SUBJECT DEVICE 2 if the government, prior to the end of the search period, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending), including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

j.  After the completion of the search of SUBJECT DEVICE 2, the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

4.  The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.